515 South Flower Street
18th Floor
Los Angeles, CA 90071
AminTalati.com

213.933.2330 PHONE
312.884.7352 FAX



AMIN | TALATI
WASSERMAN

CHICAGO · WASHINGTON D.C. · LOS ANGELES

October 27, 2023

**VIA ECF**

Hon. Nusrat J. Choudhury
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re:   *Cohen v. Nutricost,* Case No. 2:23-cv-06387-NJC-AYS
            Pre-Motion Conference Letter

Dear Judge Choudhury,

      Defendant Nutricost submits this request for a pre-motion conference for its Rule 12 motion to dismiss the Complaint.

      **Background:** Plaintiff alleges Defendant falsely advertised its Magnesium Glycinate 420mg dietary supplement (the "Product") as containing 420mg of magnesium derived from magnesium glycinate. (Compl., Dkt. 1.) Plaintiff does not dispute that the Product contains 420mg of magnesium glycinate per serving, or that it contains 420mg of elemental magnesium per serving; rather, her allegation is that the 420mg of magnesium was not derived entirely from magnesium glycinate. Seeking to represent a New York class, Plaintiff asserts claims for purported violations of N.Y. Gen. Bus. Law §§ 349 and 350 (the "GBL") and breach of express and implied warranty. She asserts a fraudulent concealment claim on behalf of a proposed nationwide class.

      **Grounds for Motion.** Defendant wishes to file a Rule 12 motion asserting the following:

      1. <u>The fraudulent concealment claim fails because Plaintiff does not allege facts giving rise to a strong interference of fraudulent intent.</u> The fraudulent concealment claim is subject to Fed. R. Civ. P. 9(b)'s particularity requirements, and thus Plaintiff must "allege facts that give rise to a *strong* inference of fraudulent intent." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013) (internal quotations omitted, emphasis in original); *accord Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). Plaintiff fails to do so. Her only allegation of fraudulent intent is the boilerplate, conclusory allegation that Defendant "knew or should have known that the Magnesium Glycinate Supplements did not contain the amount of magnesium as magnesium glycinate advertised and warranted and were not suitable for their intended use." (Dkt. 1, ¶ 45.) She does not allege any facts as to how Defendant supposedly knew its statements were false, what individuals employed by Defendant allegedly possessed this knowledge, or how or when they supposedly gained that knowledge. This is not sufficient. *See, e.g., Quiroz v. Beaverton*,

No. 17-CV-7348 (NGG) (JO), 2019 WL 1473088, at *10-11 (E.D.N.Y. Mar. 31, 2019); *Duran v. Henkel of America, Inc.*, 450 F.Supp.3d 337, 353-354 (S.D.N.Y. 2020). Her allegation that Defendant sold more of the Product, or sold it at higher prices, is insufficient to give rise to a strong interference of fraudulent intent. *See, e.g., In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 (RRM), 2013 WL 4647512, at *25 (E.D.N.Y. Jul. 10, 2020); *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409 (ARR), 2020 WL 729883, at *9 (E.D.N.Y. Feb. 13, 2020).

2. <u>The fraudulent concealment claim also fails because Plaintiff does not plead reliance with particularity</u>. The Complaint does not allege any false statement on the Product's front label. The front label states "Magnesium Glycinate 420mg" and Plaintiff does not dispute the Product contains at least 420mg of magnesium glycinate per serving. The Supplement Facts panel on the reverse states there is 420mg of magnesium (also not disputed). Plaintiff disputes only the "as magnesium glycinate" statement that appears under "Magnesium" in the Supplement Facts panel. Her allegation is that, having made the back-label "as magnesium glycinate" statement, Defendant had a duty to disclose that not all the magnesium was from magnesium glycinate. But while Plaintiff makes the boilerplate allegation that she "viewed the front and back label," (Dkt. 1, ¶ 5), she does not allege with specificity that she read and relied upon the "as magnesium glycinate" statement before her purchase or (if she even did read it) what she understood it to mean. *See In re Petrobas Securities Litigation*, 169 F.Supp.3d 547, 550 (S.D.N.Y. 2016) ("[T]he Amended Complaint does not state with any specificity which alleged misrepresentations the [] plaintiffs relied upon and only alleges reliance on the misrepresentations en masse.").

3. <u>The GBL claims also fail because Plaintiff does not adequately allege reliance and also does not plausibly allege injury</u>. To plead GBL claims, a plaintiff must allege facts plausibly establishing she was injured *as a result of* the alleged conduct. *Sabatano v. Iovate Health Sciences U.S.A. Inc.*, No. 19 CV 8924 (VB), 2020 WL 3415252, at *3 (S.D.N.Y. June 22, 2020). To demonstrate such reliance, the plaintiff typically must point to a specific advertisement upon which the consumer relied. *Id.* As already explained, Plaintiff's allegation that she "viewed" the "front and back label" is not an allegation that she actually read the "as magnesium glycinate" statement and made the purchase because of *that* statement or an alleged omission regarding it.

Also, for purposes of GBL claims, injury can be payment of a price premium, "whereby a plaintiff pays more than []he would have but for the deceptive practice." *Colella v. Atkins Nutritionals, Inc.*, 348 F.Supp.3d 120 (E.D.N.Y. 2018) (alternation in original, quotation and citation omitted). But "[s]imply . . . recit[ing] the word 'premium' multiple times in the[] Complaint does not make Plaintiffs' injury any more cognizable." *Id.* (quotation and citation omitted). Here, Plaintiff "only conclusorily asserts that [Defendant] charges a premium for its products and provides no facts regarding what the premium was, what price [s]he paid for the products, or the price of non-premium products." *Id.*

4. <u>Plaintiff lacks Article III standing to pursue injunctive relief</u>. Plaintiff fails to allege facts plausibly establishing she faces a threat of future injury that is actual and imminent, not conjectural

or hypothetical. *See Berni v. Barilla S.P.A.*, 964 F.3d 141, 147- (2d Cir. 2020) ("past purchasers of a consumer product who claim to be deceived by that product's packaging . . . have, at most, alleged a past harm"); *Gordon v. Target Corp.*, No. 20-CV-9589, 2022 WL 836773, at *7-8 (S.D.N.Y. Mar. 18, 2022).

5. <u>The Court does not have personal jurisdiction over Defendant with respect to out-of-state purchasers' claims</u>. Plaintiff resides in New York and made her alleged purchase(s) in New York. But she attempts to assert her fraud claim on behalf of a nationwide class. She cannot do so because the Court does not have jurisdiction over Defendant with respect to out-of-state purchasers. Plaintiff does not allege *any* connection between New York and the claims of any out-of-state consumers. In *Bristol-Myers Squibb v. Superior Court*, 582 U.S. 255 (2017), the Supreme Court held that without an actual connection between out-of-state plaintiffs' claims and the defendant's activities in the forum state, the forum state could not exercise personal jurisdiction over the defendant with respect to the out-of-state plaintiffs' claims. *Id.* at 264-65, 267-68. Courts have disagreed on whether *Bristol-Myers* is limited to mass tort cases or applies in the class-action context. *See Carpenter v. PetSmart, Inc.*, 441 F.Supp.3d 1028, 1034 (S.D. Cal. 2020) (describing divergent approaches). Defendant submits the correct view is that "[a] defendant should not be required to litigate claims that have no connection to this state solely because the claims are those of unnamed class members." *Stacker v. Intellisource, LLC*, No. 20-2581-JWB, 2021 WL 2646444, at *10 (D. Kan. June 28, 2021).

6. <u>The breach of express and implied warranty claims fail for lack of privity</u>. Plaintiff alleges she purchased the Product from Target, not from Defendant. (Dkt. 1, ¶ 5.) She also alleges only economic loss, not personal injury. Therefore, the warranty claims fail as a matter of law for lack of privity. *See Klausner v. Annie's, Inc.*, 581 F.Supp.3d 538, 550-51 (S.D.N.Y. 2022) (implied warranty and express warranty); *Sarr*, 2020 WL 729883, at *8 (implied warranty); *Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274, 290 (S.D.N.Y. 2014) (express warranty); *but see Brady v. Anker Innovations Ltd.*, No. 18-cv-11396 (NSR), 2020 WL 158760, at *10-11 (S.D.N.Y. Jan 13, 2020) (declining to require privity for express warranty claim).

7. <u>Plaintiff's claims are preempted by federal law</u>. Plaintiff's claims are all preempted because she does not allege that she followed the FDA's mandated "12-sample" method for testing products for quantitative nutrient content. *See* 21 C.F.R. §§ 101.9(g)(2), 101.36(f)(1); *Scheibe v. ProSupps USA, LLC*, No. 3:22-cv-01784-BEN-MSB, 2023 WL 3573898, at *2 (S.D. Cal. May 18, 2023); *Vital v. One World Co., LLC*, No. 8:12-CV-00314, 2012 WL 13029487, at *4 (C.D. Cal. Nov. 30, 2012).

        Very truly yours,

        */s/ William P. Cole* (pro hac vice)
        Amin Talati Wasserman LLP

cc:     Sergei Lember, Esq. (via ECF)