

**Sergei Lemberg**
Admitted in MA, CT, NY, GA, NJ, PA, FL, MI

43 Danbury Road
Wilton, CT 06897
Tel: 203-653-2250

Office:  203-653-2250 x5500
Fax:     203-653-3424
Email:   slemberg@lemberglaw.com

November 1, 2023

**BY ECF**

Hon. Nusrat J. Choudhury
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Cohen v. Nutricost*; No: 2:23-cv-06387-JMA-AYS
           Response to Pre-Motion Letter

Dear Judge Choudhury:

Plaintiff Dalit Cohen ("Plaintiff"), through counsel, hereby responds to Defendant's request for a pre-motion conference.

Defendant Nutricost sold and marketed magnesium supplements (the "Supplements") that falsely claimed they provided 420 milligrams ("mg") of magnesium as magnesium glycinate per serving when they did not. The Supplement's labeling is clear that the product contains 420mg of magnesium as magnesium glycinate per serving:




Complaint ¶¶ 12-13.

However, it is physically *impossible* to fit 420mg of magnesium as magnesium glycinate in two of the Supplement's capsules.  This is so because Nutricost uses size 00 capsules which have a maximum volume of 1,092mg each or 2,184 together. Complaint ¶ 20.  Magnesium glycinate in turn contains only 14.1% of magnesium by mass. *Id.* ¶ 21. To get 420mg of magnesium as magnesium glycinate *3,000mg* of the glycinate is needed which far outstrips the available room in these pills. Thus, even if the Supplement's capsules were filled to capacity with magnesium glycinate (and they are not as noted in the "other ingredients" section), in no way can they contain 420mg of magnesium as magnesium glycinate per serving as advertised.

Magnesium glycinate is a desirable type of magnesium that is known to be highly absorbable. Complaint ¶ 10.  Plaintiff "relied on Defendant to disclose material information it knew" about the Supplements including the true contents of its Supplements and viewed the front and back labels of the Supplements when purchasing the Supplements. Complaint ¶¶ 5, 49, 69. Plaintiff alleges that had "the true nature and composition of the magnesium content of the Magnesium Glycinate Supplements" been known, plaintiff "would not have purchased such Products, or would have only paid for the magnesium as magnesium glycinate actually delivered with the Supplements." *Id.* ¶ 33.

In seeking dismissal, Defendant makes flawed arguments and Plaintiff will oppose the ultimate motion if leave to file is granted.

First, Plaintiff alleges a strong inference of fraudulent intent in support of the fraudulent concealment claim.  The Complaint asserts that Defendant – a marketer, advertiser, distributor and seller of nutritional supplements – knowingly and falsely represented the content of its Supplements despite the fact that its representations were physically impossible, the market "specifically prize[s] magnesium derived from magnesium glycinate over other sources of magnesium," and Plaintiff overpaid in light of Defendant's false representations. Complaint ¶¶ 18-25, 30-33, 45. *See Elkind v. Revlon Consumer Prod. Corp.*, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015) ("By pleading that Defendant knew the phrase did not have the effects suggested . . . Plaintiffs have likewise pled sufficient facts to support an inference that Defendant intended to defraud its customers.").[1]  Further, Plaintiff pleads reliance in support of the fraudulent concealment claim, that she specifically viewed those labels and relied on Defendant's representations when purchasing the Supplements and was misled. *See* Complaint ¶¶ 5, 30, 49.

Second, Plaintiff pleads injury and causation in support of her GBL claims.  "A plaintiff can plead injury and causation for purposes of Sections 349 and 350 in at least one of two ways. First, the plaintiff can plead that she was exposed to a material deceptive act and relied on that misrepresented fact to her detriment." *Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 99 (S.D.N.Y. 2022). Second, a plaintiff can allege "the defendant's misleading or deceptive advertising campaign caused a price premium, that the price premium was charged both to those who saw and relied upon the false representations and those who did not, and that, as a result of

---

[1] *See also Mogull v. Pete & Gerry's Organics, LLC*, 588 F. Supp. 3d 448, 455 (S.D.N.Y. 2022) (that defendant made false representations; went to great lengths in its packaging and website to make the false representations; and plaintiff paid more than she otherwise would have had she known the true content of the defendant's product, sufficed to give rise to strong inference of fraudulent intent).

November 1, 2023
Page **3** of **3**

the price premium, plaintiff was charged a price she would not otherwise have been charged but for the false campaign." *Id.* at 100. The Complaint establishes both. First, Plaintiff alleges that she relied upon Defendant's labels and would not have purchased the Supplements or would have paid less money had she known the truth. Complaint ¶¶ 5, 32-33.[2] Second, she alleges that Defendant charged a price premium; she alleges the difference between the magnesium glycinate Supplements that Defendant promised and the products it actually sold "is significant and material"; that the difference "has real impacts on the benefits provided to consumers by the Magnesium Glycinate Supplements and the actual value of the Supplements"; and alleges "[m]isbranded nutritional supplements" like Defendant's Supplements "have no economic value and are worthless." Complaint ¶¶ 32-33, 72.[3]

Third, the Court can exercise personal jurisdiction over out-of-state class members and should follow the "the majority position, and the position of the Seventh and D.C. Circuits," and hold that "*Bristol-Myers Squibb* has no impact on class action practice." *Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192, 1208 (C.D. Cal. 2021) (collecting cases).

Fourth, "the New York Court of Appeals has dispensed with the requirement of privity in cases involving breach of an express warranty even where, as here, only economic damages are alleged*.*" *Gwinn v. Laird Superfood, Inc.*, 643 F. Supp. 3d 450, 457-58 (S.D.N.Y. 2022) (collecting cases). Therefore, "plaintiff's lack of privity with [Defendant] does not defeat her claim for breach of express warranty" *Id.*[4]

Finally, the fact that Plaintiff does not allege she performed FDA-compliant testing does not preempt her claims. *See, e.g., Lozano v. Bowmar Nutrition LLC*, 2021 WL 4459660, at *6 (C.D. Cal. Aug. 19, 2021) (rejecting argument that claims were preempted because there were no allegations of testing conducted in compliance with FDA requirements); *Amavizca v. Nutra Mfg., LLC*, 2020 WL 8837145, at *6 (C.D. Cal. Oct. 20, 2020) (rejecting same argument).

Respectfully Submitted,

*/s/ Sergei Lemberg*

---

[2] Because Plaintiff alleges that she "has seen the misleading statements of which [s]he complains before [s]he came into possession of the products [s]he purchased," she has "properly allege[d] causation." *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014).

[3] *See, e.g., Brockington v. Dollar Gen. Corp.*, 2023 WL 6317992, at *12 (S.D.N.Y. Sept. 28, 2023) (allegations that as a result of defendant's false and misleading representations product was sold at a price premium were "sufficient allegation at this stage for Plaintiff to state a claim under Sections 349 and 350") (collecting cases); *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 109–10 (S.D.N.Y. 2021) (allegations that had plaintiffs "known the Products did not contain tequila, rum, or wine, they would have paid less for the Products or would not have purchased them at all" were sufficient to allege a "price premium theory of injury") (collecting cases). Moreover, Plaintiff does not have to allege the price of competing products to establish a price premium injury. *Goldemberg.*, 8 F. Supp. 3d at 482.

[4] Plaintiff agrees to withdraw her implied warranty of merchantability claim, and her request for injunctive relief.