**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Dalit Cohen, Anastasia Kurtz, Tina Scott, Paige Vasseur, *on behalf of themselves and all others similarly situated*,<br><br>          Plaintiffs,<br><br>  -v-<br><br>eSupplements, LLC d/b/a Nutricost,<br><br>          Defendant. | 23-cv-6387<br>(NJC) (AYS) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT; CERTIFYING SETTLEMENT CLASS; APPROVING NOTICE; AND SETTING DATE FOR FINAL APPROVAL HEARING**

On August 25, 2023, Plaintiff Dalit Cohen initiated this action on behalf of herself and similarly situated individuals, asserting claims for the alleged mislabeling of magnesium supplements in violation of New York statutory and common law against Defendant eSupplements, LLC d/b/a Nutricost ("Nutricost"). (*See* Compl., ECF No. 1.) On August 20, 2024, this Court granted Nutricost's Motion to Dismiss the Complaint as to the New York common law claim for fraudulent concealment and denied the Motion as to the New York Uniform Commercial Code § 2-313 claims for breach of express warranty and claims brought under Sections 349 and 350 of the N.Y. General Business Law.[1] (Mem. & Order, ECF No. 32.) On October 28, 2024, Cohen filed an Amended Complaint adding Plaintiffs Anastasia Kurtz and Tina Scott, and the parties entered into a stipulation to amend the case caption accordingly.

---

[1] The Complaint also asserted a claim under N.Y. U.C.C. § 2-314 for breach of the implied warranty of merchantability pursuant, which Cohen later withdrew; accordingly, the Court dismissed as moot the portion of Nutricost's Motion to Dismiss concerning that claim. (ECF No. 32 at 1–2.)

(Stip., ECF No. 37; Am. Compl., ECF No. 38.)[2] On October 14, 2025, Nutricost filed a letter informing the Court that the parties had reached a settlement in principle. (ECF No. 56.)

Before the Court is Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (ECF No. 58), which was filed December 29, 2025, and the terms and conditions of which are set forth in the proposed Settlement Agreement (ECF No. 58-3) and Amendment No. 1 to the proposed Settlement Agreement (ECF No. 60-1) (together, the "Proposed Amended Settlement Agreement").

## LEGAL STANDARDS

During the preliminary approval stage, the court must analyze whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). Prior to its 2018 amendment, Rule 23 did not provide specific factors for courts to consider in determining whether a proposed class action settlement was "fair, reasonable, and adequate" under Rule 23(e)(2). *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.* ("*Payment Card*"), 330 F.R.D. 11, 28 (E.D.N.Y. 2019). At that time, courts in the Second Circuit considered both the "negotiating process leading up to the settlement, *i.e.*, procedural fairness, as well as the settlement's substantive terms, *i.e.*, substantive fairness." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803–04 (2d Cir. 2009) (quotation marks and brackets omitted). To evaluate the procedural fairness of a proposed class action settlement, courts in this Circuit assessed whether "the settlement resulted from arm's-length negotiations, and [whether] plaintiffs' counsel possessed the necessary experience and ability, and have engaged in the discovery[] necessary to effective

---

[2] The Amended Complaint also named Plaintiff Paige Vasseur, although the parties later filed a stipulation dismissing Vasseur without prejudice from this action on April 1, 2025. (Am. Compl., ECF No. 47.) The Court dismissed Vasseur on April 2, 2025. (Elec. Order, Apr. 2, 2025.)

representation of the class's interests." *Id.* at 804 (quotation marks and brackets omitted). Courts evaluating the substantive fairness of a proposed class action settlement also considered the nine factors in *City of Detroit v. Grinnell Corporation*:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the risks of establishing liability;
> (5) the risks of establishing damages;
> (6) the risks of maintaining the class action through the trial;
> (7) the ability of the defendants to withstand a greater judgment;
> (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and]
> (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*McReynolds*, 588 F.3d at 804 (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)).

In 2018, Congress amended Rule 23(e) to identify four "primary procedural considerations and substantive qualities that should always matter to the decision whether to approve [a settlement] proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. Under Rule 23(e)(2), a court must explicitly consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In *Moses v. New York Times Company*, the Second Circuit emphasized that district courts "must consider the four factors outlined in Rule 23(e)(2) holistically" in addition to the *Grinnell*

factors when evaluating a proposed class action settlement. 79 F.4th 235, 243 (2d Cir. 2023). It

clarified that:

> [T]he revised Rule 23(e)(2) does not displace our traditional *Grinnell* factors, which remain a useful framework for considering the substantive fairness of a settlement. But the rule now mandates courts to evaluate factors that may not have been highlighted in our prior case law, and its terms prevail over any prior analysis that are inconsistent with its requirements.

*Id.* The Second Circuit also held that courts may no longer presume a settlement to be

substantively fair where it arose from an arm's-length bargaining process. *Id. Moses* thus

confirmed that courts must consider *both* the Rule 23(e) factors and the *Grinnell* factors—to the

extent that they differ—in determining whether to approve the proposed settlement of class

action claims, as district courts had done following the 2018 amendment of Rule 23(e). *See e.g.,*

*Payment Card*, 330 F.R.D. at 29; *LoCurto v. AT&T Mobility Servs. LLC*, No. 13-cv-4303, 2020

WL 13859604, at *4 (S.D.N.Y. June 22, 2020).

Courts have found that Rule 23(e)(2) does not otherwise address the following *Grinnell*

factors: the reaction of the class to the settlement (second factor); the stage of the proceedings

and the amount of discovery completed (third factor); the ability of the defendants to withstand a

greater judgment (seventh factor); the range of reasonableness of the settlement fund in light of

the best possible recovery (eighth factor); and the range of reasonableness of the settlement fund

to a possible recovery in light of all the attendant risks of litigation (ninth factor). *See, e.g.,*

*Payment Card*, 330 F.R.D. at 29 n.22 (discussing the seventh, eighth and ninth *Grinnell* factors);

*Amigon v. Safeway Constr. Enters. LLC*, No. 20-cv-5222, 2024 WL 5040436, at *6 (E.D.N.Y.

Dec. 9, 2024) (discussing the second, third, seventh, eighth, and ninth *Grinnell* factors).

Accordingly, courts continue to analyze these *Grinnell* factors in combination with the Rule

23(e)(2) factors in evaluating settlement agreements in class actions. *See, e.g., id.*

## DISCUSSION

The Court has closely reviewed the Proposed Amended Settlement Agreement and finds that it is within the range of possible approval as fair, reasonable, and adequate within the meaning of Rule 23(e) and the relevant *Grinnell* factors. The Proposed Amended Settlement Agreement has key indicia of fairness, in that: (1) the Parties reached a settlement after investigating the strengths and weaknesses of the claims and defenses; (2) the Parties engaged in significant litigation before reaching a settlement, including extensive discovery and briefing on a motion to dismiss (*see* ECF Nos. 13 to 15, 22 to 24); (3) the Parties engaged in extensive negotiations that were contentious, arm's-length, and assisted by the Hon. Leonidas Papas, former United States Magistrate Judge for the Southern District of California and experienced mediator; (4) there is no evidence of collusion between the Parties in reaching this settlement; and (5) the Parties are experienced in similar litigation. Accordingly, a hearing should be held after notice to the Settlement Class of the Proposed Amended Settlement Agreement to finally determine whether the Proposed Amended Settlement Agreement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THEREFORE, THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Proposed Amended Settlement Agreement, unless otherwise defined herein and as may otherwise be ordered.

2. The Court preliminarily approves the Proposed Amended Settlement Agreement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, having no obvious deficiencies, and as meriting notice of the Proposed Amended

Settlement Agreement to persons in the Settlement Class for their consideration and a hearing on the approval of the Proposed Amended Settlement Agreement.

3.      For settlement purposes only, the Court conditionally certifies the following Settlement Class:

> All Persons who, while residing in the United States of America, purchased Nutricost Magnesium Glycinate Supplements in the 240 capsule or 120 capsule variant, during the Class Period.

4.      The Court preliminarily finds, for settlement purposes only, that:

a.   The above-described Settlement Class is so numerous that joinder of all members is impracticable;

b.   There are questions of law or fact common to the Settlement Class;

c.   The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

d.   The Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class;

e.   The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

f.   Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court notes that, because the litigation is being settled, rather than litigated, it need not consider any manageability issues that would be presented by this litigation. *Amchem Prods. Inc. v. Windsor*, 117 S. Ct. 2231, 2240 (1997).

5.      The Court finds that it has personal jurisdiction over the claims brought on behalf of all Class Members, including the absent Class Members, whether or not they reside in New York. Cohen is domiciled in New York and, at the April 27, 2026 conference and in its subsequent letter submission, Nutricost waived any personal jurisdiction defenses it may have to this Court's jurisdiction that relate to the other named Plaintiffs and any out-of-state Class Members for the purpose of settling this action. Min. Entry & Order, Apr. 27, 2026; ECF No.

61.; *see Hines v. Equifax Info. Services LLC*, No. 19-cv-6701, 2024 WL 4132333, at *3 (E.D.N.Y. Sept. 10, 2024) (recognizing the "longstanding practice that has permitted nationwide class actions to go forward when specific jurisdiction is proper based on the defendant's in-state contacts with the named plaintiff"); *see also In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 827 F.3d 223, 236 (2d Cir. 2016) ("It is familiar doctrine of the federal courts that members of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present consistent with the requirements of due process and full faith and credit." (quoting *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). Accordingly, at the final approval stage, there will be no issue with respect to the Court's exercise of personal jurisdiction over Nutricost or a certified nationwide Settlement Class represented by Plaintiffs. To the extent that any Class Member seeks to avoid the Court's jurisdiction, they will have the opportunity to exclude themselves from this action by opting out as set forth in paragraphs 12 and 13.

6.      Dalit Cohen, Anastasia Kurtz and Tina Scott are named Settlement Class Representatives of the Settlement Class. This Court preliminarily finds they will fairly and adequately represent and protect the interests of the absent Class Members.

7.      The Court approves Lemberg Law, LLC as Class Counsel. This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

8.      The Court approves JND Legal Administration to serve as the Settlement Administrator in this Action.

9.      A Final Approval Hearing shall be held before this Court on **October 15, 2026 at 2:00 p.m.** at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722, to address: (a) whether, for settlement purposes only, the Court should finally certify the Settlement Class and whether the Settlement Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) whether the Proposed Amended Settlement Agreement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; (c) whether the Released Claims of the Settlement Class in this Action should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Attorneys' Fees and Costs application and the Incentive Awards for Class Representatives should be approved; (e) to hear any objections by members of the Settlement Class; and (f) such other matters as the Court may deem necessary or appropriate. Papers in support of final approval of the Proposed Amended Settlement Agreement, the Incentive Award to Named Plaintiffs, and Class Counsel's Attorneys' Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 19 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Proposed Amended Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the Released Claims being settled. The Court may finally approve the Proposed Amended Settlement Agreement at or after the Final Approval Hearing with any modifications agreed to by Nutricost and the Class Representatives and without further notice to the Settlement Class.

10.      The Court approves, as to form and content, the use of a Claim Form, Email Notice, Long Form Notice, and Short Form/Postcard Notice substantially similar to the forms

8

attached as **Exhibits A, B, C and E** to the Proposed Amended Settlement Agreement, respectively. (ECF Nos. 5, 6, 7, 9.) Written Notice will be provided to members of the Settlement Class by first-class U.S. mail and/or e-mail as well as other methods deemed appropriate by the Settlement Administrator, and updated by the Settlement Administrator in the normal course of business. Within 30 days of the date of entry of this Preliminary Approval Order, all Notices shall be mailed and posted on the case-designated website. Prior to the Final Approval Hearing, the Parties will submit to the Court a declaration of compliance with these notice provisions.

11.     The Notice, as directed in this Preliminary Approval Order, constitutes the best notice practicable under the circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Proposed Amended Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23. As set forth in Paragraph 19 below, the notice mailing deadline is 30 days from the entry of this Preliminary Approval Order.

12.     Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Proposed Amended Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 60 days after the notice mailing deadline.

13.     Each Request for Exclusion, or "Opt-Out," must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Further, to be valid and treated as a successful exclusion or "Opt-Out" the request must include: (a) the

Requester's full name, address and the name of the Action; (b) the Requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a valid power of attorney, to act on behalf of the Requester; and (c) state unequivocally that the Requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, to not participate in the Settlement, and/or to waive all rights and benefits of the Proposed Amended Settlement Agreement.

14.    No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the Person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Proposed Amended Settlement Agreement.

15.    Any member of the Settlement Class who elects to be excluded shall have no rights under the Proposed Amended Settlement Agreement, shall not be entitled to receive any of the benefits of the Proposed Amended Settlement Agreement, shall not be entitled to object to the Proposed Amended Settlement Agreement or appear at the Final Approval Hearing, and shall not be bound by the Proposed Amended Settlement Agreement or any final judgment.

16.    Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Proposed Amended Settlement Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file a written Objection providing notice of intention to appear with the Clerk of the United States District Court for the Eastern District of New York and mail copies thereof to the Settlement Administrator delivered or postmarked no later than 60

days after the notice mailing deadline. Each Objection must (i) set forth the Settlement Class Member's full name, address, and telephone number; (ii) contain the Settlement Class Member's original signature or the original signature of counsel for the Settlement Class Member; (iii) state that the Settlement Class Member objects to the Proposed Amended Settlement Agreement, in whole or in part; (iv) set forth the complete legal and factual bases for the objection, including citations to relevant authorities; (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vi) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

17.     Any Settlement Class Member who fails to object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of the Proposed Amended Settlement Agreement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Action.

18.     Pending final determination of whether the Proposed Amended Settlement Agreement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

19.    Further settlement proceedings in this matter shall proceed according to the following schedule:

| **EVENT** | **SCHEDULED DATE** |
|---|---|
| Notice mailing deadline | June 8, 2026 |
| Attorneys' Fees and Costs application due by | July 8, 2026 |
| Incentive Award application due by | July 8, 2026 |
| Last day for Settlement Class Members to opt-out of Proposed Amended Settlement Agreement | August 7, 2026 |
| Last day for Settlement Class Members to Object to the Proposed Amended Settlement Agreement | August 7, 2026 |
| Last day to submit a Claim Form | August 7, 2026 |
| Briefs in support of Final Approval due by | October 1, 2026 |
| Settlement Administrator to file declaration regarding notice requirements of Class Action Fairness Act, 28 U.S.C. § 1715 | October 1, 2026 |
| Final Approval Hearing | October 15, 2026 at 2:00 p.m. |

20.    Service of all papers on counsel for the parties shall be made as follows: for Settlement Class Counsel to Stephen F. Taylor, Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897; for Defendant to William P. Cole, Matthew R. Orr, Amin Wasserman Gurnani, LLP, 515 South Flower Street, 18th Floor, Los Angeles, CA, 90071. If the Proposed Amended Settlement Agreement fails to become effective, is terminated, or is not consummated for any reason, the Proposed Amended Settlement Agreement, including any further amendments thereof, except as expressly provided in the Proposed Amended Settlement Agreement, and this Preliminary Approval Order and all orders entered in connection therewith shall be null and

void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions immediately prior to the execution of the Proposed Amended Settlement Agreement.

21.     The Court may, for good cause, extend the deadlines set forth in this Preliminary Approval Order without further individual notice to the Settlement Class.

22.     All discovery and other litigation activity in this Action is hereby stayed pending final approval of the Proposed Amended Settlement Agreement.

23.     The Proposed Amended Settlement Agreement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation by Nutricost, which vigorously denies all of the claims and allegations raised in the Action.

**IT IS SO ORDERED.**

Dated: Central Islip, New York
        May 7, 2026

 _/s/ Nusrat J. Choudhury_
NUSRAT J. CHOUDHURY
United States District Judge

13